UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CITY OF BRIDGEWATER, <br><br> Plaintiff, <br><br> vs. <br><br> ERIC ROTH, DEBRA ROTH, PEDRO LOPEZ, <br><br> Defendants. | 4:26-CV-04015-RAL <br><br><br> OPINION AND ORDER <br> DISMISSING CASE |

Defendants Eric and Debra Roth sought to remove this case against them and another defendant, Pedro Lopez. Doc. 1. They appear not to have given notice to the Plaintiff, City of Bridgewater, obtained consent from Lopez, nor filed a notice of removal in the state court. This Court took judicial notice of the state court docket in the state case that the City of Bridgewater brought against the Roths and Lopez. Doc. 8.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court, however, does not have original jurisdiction over the action. See Doc. 1-1. No complete diversity of citizenship exists because all the Defendants are residents of South Dakota and Plaintiff is a South Dakota municipality, nor does the Complaint

1

assert any federal claim against the Defendants.[1] Id. See also 28 U.S.C. §§ 1331, 1332. Even if there were complete diversity of citizenship here, removal would still be improper because the defendants are citizens of South Dakota. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removeable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Thus, this case was not properly removable to this Court.

The Roths also failed to follow the procedure for removal of civil actions outlined in 28 U.S.C. § 1446. Under 28 U.S.C. § 1446(b)(2)(A), removal based on Federal Question Jurisdiction requires "all defendants who have been properly served [to] join in or consent to the removal of the action." The Roths' contend removal was based on Federal Question Jurisdiction but did not obtain consent from the other-named Defendant Lopez. Additionally, under 28 U.S.C. § 1446(d), defendants are required to give written notice of removal to adverse parties and "file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." The Roths failed to give notice to the City of Bridgewater and failed to file the notice of removal in the state court.[2] Since the Roths failed to give notice to the City of Bridgewater and the notice of removal was not filed in the state court, the removal did not take effect. See Dutton v. Ethicon, Inc., 423 F. Supp. 3d 81, 87 (D.N.J. 2019) ("[Section] 1446 requires three steps for effectuating removal to federal court: defendant must file the notice of removal in federal court, provide written notice to all adverse parties, and file a copy of notice with the clerk of the state court. . . . [R]emoval is not 'effected' until all three

---

[1] Plaintiffs Eric and Debra Roth's notice of removal states that removal is based on "Civil Rights violations and Constitutional Rights violations and Federal Question Jurisdiction." Doc. 1.

[2] This Court has taken judicial notice of the state court docket, which shows no notice of removal filed in the state court.

steps are completed."); <u>Davis v. Est. of Harrison</u>, 214 F. Supp. 2d, 695, 697 (S.D. Miss. 2002). Generally, once a case is removed to federal court, "the State court shall proceed no further." 28 U.S.C. § 1446(d). Yet, "until the clerk of the state court is notified of the removal, the state court is free to take any action in regard to a pending case that it might have otherwise taken, under its own precedent, rules, and statutes, even though notice of removal of that particular case may have been filed in federal court." <u>Davis</u>, 214 F. Supp. 2d at 697; <u>see also</u> <u>Hampton v. Union Pac. R.R. Co.</u>, 81 F. Supp. 2d 703, 706–07 (E.D. Tex. 1999) (holding that removal is a three-step process under section 1446(d) and that state courts retain jurisdiction until all three requirements have been satisfied). Although this Court would typically remand a case back to the state court for improper removal, the state court has since entered a final judgment in the underlying state case while the state court had jurisdiction and before the requirements of the removal statute had been fulfilled. <u>See</u> Doc. 8-1. Consequently, this Court dismisses this case without prejudice. For the foregoing reasons, it is hereby

ORDERED that this case is dismissed without prejudice.

DATED this 6th day of August, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

3